LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from the denial of a petition for writ of error coram nobis. The pro se petition was prepared while petitioner was a prisoner at G. K. Fountain Correctional Center, Holman Station, Alabama, and was filed with the Clerk of the Madison County Circuit Court between April 12 and April 25, 1979. On April 25, 1979, an attorney was appointed to represent petitioner and a hearing of the petition was set for June 7,1979, at which time petitioner and his attorney were present. Upon call of the proceeding, petitioner’s attorney requested a continuance on the ground of “the short length of time that Mr. Stone has been in Huntsville and the short length of time that he and I have had to work together to try to get some merit to these allegations.” No showing was made as to the length of time petitioner had been in Huntsville. The court overruled petitioner’s request for a continuance. His appointed attorney on appeal, the same attorney who represented him on the hearing, says the court was in error in overruling the request for a continuance. Nothing has been presented that would afford any basis for a contention that the trial court abused the discretion vested in it in overruling the request, and reversible error cannot be predicated thereon.
The petition, although containing obvious indicia of assistance in the drafting thereof by persons somewhat experienced therein, with access to a law library, is lengthy, winding, vague and indefinite as to bases for the relief sought therein, i.e. a trial in a case in which he had been indicted for rape, pleaded guilty to an assault with intent to rape, after plea bargaining procedure between his retained lawyer and the State, and sentenced to twenty years imprisonment — with the sentence to run concurrently with a forty-year sentence for rape in 1965.
On the hearing of the petition, it developed that, notwithstanding the allegations in petitioner’s affidavit attached to the petition, his claim for relief was based solely on the contention that he should not have pleaded guilty, that he was not guilty and that at the time he was brought to trial he had not been afforded an opportunity to have witnesses and data in court that would tend to show an alibi as to the crime charged.
On the hearing of the petition, petitioner and his former retained attorney were the only witnesses. Said attorney, testifying on the call of petitioner, said that on or prior to the occasion that petitioner was brought to trial in the case, and before he had pleaded guilty, the attorney had considered and checked the question of defendant’s claim as to an alibi; that the records where he was employed and upon which defendant was relying showed that he checked in at 7:30 A.M. the day of the alleged rape and that defendant was a deliveryman. Defendant’s attorney testified:
“The only witness that had any sort of a handle on what time he left was the man that I believe was his immediate supervisor who said that he saw him around the premises all that morning up until the time that he took this white pick up truck to go on his regular rounds and the best of his recollection was that he gave John the keys to that pick up truck around 9:45.
“Q. I see, then the defendant’s job was as a delivery man?
“A. Among other things, one of his functions there at Bruder as I understood it was to make deliveries, bank deposits, pick up parts and that sort of things in this pick up truck.”
The witness further testified that he talked with the victim of the alleged rape and that on the preliminary hearing she testified that the incident occurred, according to her estimate, “around ten or ten-thirty.” Defendant’s place of employment was about *XCVI four or five miles from the place of the alleged crime. It is to be noted, however, that the records of the police officers indicated that they understood that the alleged crime was at approximately 9:30 A.M.
The testimony of defendant’s retained attorney leaves little, if any, room for doubt that he thought it was to the best interest of defendant for him to enter a plea of guilty and receive a twenty-year sentence to run concurrently with a prior sentence for forty years for rape, which he had not served and as to which he was on parole at the time he was arrested for the second alleged rape.
During the hearing the petitioner was questioned both by his counsel and the court as to the question of the wisdom of petitioner’s effort to obtain a new trial of his case via his petition for writ of error coram nobis, and he said, “1985 they tell me I am suppose to be out, the short way on a forty year sentence.” The hearing concluded as follows:
“MR. STONE: Well, the only thing that I would like to say is any way that he could see fit to see the evidence or let me produce the evidence. All I’m asking is for him to let me have my freedom back so that I can go back to my family, that is my purpose in coming here.
“MR. DAVIS: [Petitioner’s attorney]: Do you wish to go to trial on this charge now?
“MR. STONE: Well, a trial or give me my freedom whichever way. I just want my freedom because I am not guilty and my freedom that is all that I am asking for. So that I can go back to my family and leave everybody alone and try to live peacefully if I can. That’s the only thing I am asking.”
Whether the granting of the petition would have been, or would now be, to the best interest of petitioner would hardly be a factor in the determination of whether the petition should have been, or should now be, granted. Even so, the trial court and petitioner’s attorney were obviously and justifiably concerned as to whether there was considerable danger of injury to petitioner by the granting of the petition, over which loomed the impressive possibility, if not the likelihood, that on another trial he would be convicted of rape, or of an assault with intent to ravish, and that a sentence thereon would not run concurrently with his unserved sentence as to the first crime.
The hearing also developed the fact that after petitioner’s conviction of rape and his sentence to forty years imprisonment, he filed a petition as to that case for writ of error coram nobis. The grounds therefor are not shown.
The trial court was not in error in finding that there was nothing in the pleading and proof in this proceeding that required or justified the setting aside of petitioner’s conviction and sentence on a plea of guilty and reopening the pleading for another plea of guilty or a plea of not guilty and a trial thereon. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.